UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § <br> Plaintiff, § <br> § <br> v. § <br> § <br> DEL-TON DTI-15 RIFLE; § <br> MOSSBERG 500A SHOTGUN; § <br> GLOCK GMBH 17 PISTOL; § <br> GLOCK GMGH 22GEN4 PISTOL; § <br> SPRINGFIELD ARMORY 1911 PISTOL; § <br> and § <br> COLT GOVERNMENT PISTOL, § <br> Defendants. § | CIVIL ACTION NO.: 7:19-cv-00340 |

## **COMPLAINT FOR FORFEITURE *IN REM***

The United States of America files this action for forfeiture *in rem* and alleges upon information and belief:

### *Nature Of The Action*

1. This action is brought by the United States seeking forfeiture of the following property pursuant to 18 U.S.C. § 924(d)(1):

    (1) a Del-Ton Inc. DTI-15 Rifle, Serial Number DTI-S120985;

    (2) a Mossberg 500A Shotgun, Serial Number R225351;

    (3) a Glock GMBH 17 Pistol, Serial Number  BDLG496;

    (4) a Glock GMBH 22GEN4 Pistol, Serial Number RMY379;

    (5) a Springfield Armory Geneseo IL 1911A1 Pistol, Serial Number NM539948; and

    (6) and a Colt Government Pistol, Serial Number FR05612E.

    (Collectively, the "Defendant Firearms")

2. On or about April 12, 2019, law enforcement seized the Defendant Firearms from

Federal Firearms License, TCAD Enterprises, LLC, Hole in the Wall Shooting Range ("Shooting Range"), located at 1001 East Whitewing Avenue, Unit B, McAllen, Texas. The Defendant Firearms are in the custody of the United States Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF").

3. Jorge Enrique Sanchez filed an administrative claim to the Defendant Firearms with ATF, so the United States seeks judicial forfeiture.

*Jurisdiction and Venue*

4. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1345 and 1355.

5. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1355(b)(1), 1391(b) and 1395.

*Statutory Basis For Forfeiture*

6. The Defendant Firearms and Ammunition are subject to forfeiture under 18 U.S.C. § 924(d)(1), which provides for the forfeiture of any firearm intended to be used in a violation of 18 U.S.C. § 922(n).

7. Under Section 922(n), it is unlawful for a person who is under indictment for a crime punishable by imprisonment for a term exceeding one year to ship or transport in interstate or foreign commerce any firearm or ammunition or receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

8. An offense under Texas Penal Code Section 21.20 is a felony of the first degree, punishable by imprisonment in the Texas Department of Criminal Justice for life, or for any term of not more than 99 years or less than 25 years.

9. An offense under Texas Penal Code Section 21.021 is a felony of the first degree, punishable by imprisonment in the Texas Department of Criminal Justice for life or for any term

2

of not more than 99 years or less than 5 years.[1]

*Statutory Basis For Forfeiture*

10. Jorge Enrique Sanchez ("Sanchez") and his former wife, Jessica Sanchez, were the owners of the Shooting Range, located at 1001 East Whitewing Avenue, Unit B, McAllen, Texas 78501. Sanchez was the sole person responsible for managing the day-to-day operations of the business to include the acquisition and disposition of firearms. Sanchez additionally performed gunsmith work and utilized his office space at the Shooting Range for such work.

11. On August 1, 2017, Sanchez was indicted by a Grand Jury of the 370th Judicial District Court in Hidalgo County for one count of a violation of Texas Penal Code Section 21.20 and for five counts of violations of Texas Penal Code Section 21.021. Sanchez was arraigned on the charges on September 6, 2017.

12. On February 13, 2018, ATF special agents issued Sanchez a formal Warning Notice, advising Sanchez that he was prohibited from possession, purchasing, repairing, receiving, and transferring firearms.

13. On April 12, 2019, ATF special agents conducted a consensual search of the Shooting Range. The Defendant Firearms were discovered during the search of the Shooting Range.

14. ATF specials agents located three FFL-required Acquisition and Disposition ("A&D") books identified as "Sales Book 1," "Sales Book 2," and "Sales Book 3," among other business records.

15. According to the A&D books, the Defendant Firearms were acquired by Sanchez after the date of his Hidalgo County arraignment. Specifically, Sanchez received:

---

[1] Aggravating Factors may increase the minimum sentence. *See* § 22.021(f)

  (1) a Del-Ton Inc. DTI-15 Rifle, Serial Number DTI-S120985, on February 8, 2018;

  (2) a Mossberg 500A Shotgun, Serial Number R225351, on June 15, 2018;

  (3) a Glock GMBH 17 Pistol, Serial Number BDLG496, on August 4, 2018;

  (4) a Glock GMBH 22GEN4 Pistol, Serial Number RMY379, on August 4, 2018;

  (5) a Springfield Armory Geneseo IL 1911A1 Pistol, Serial Number NM539948, on January 3, 2019; and

  (6) and a Colt Government Pistol, Serial Number FR05612E, on March 13, 2019.

16. The Defendant Firearms were examined by an ATF special agent. It was determined that the Defendant Firearms were not manufactured in the State of Texas and therefore have traveled in or affected interstate and/or foreign commerce.

17. On May 8, 2019, Sanchez was indicted by a Grand Jury sitting in the McAllen Division of the Southern District of Texas, in *United States v. Jorge Enrique Sanchez*, case number 7:19cr00789, for one count of Illegal Receipt of a Firearm by a Person Under Indictment in violation of 18 U.S.C. § 922(n). The case remains pending.

*Conclusion*

18. The Defendant Firearms are subject to forfeiture under 18 U.S.C. § 924(d)(1) because they were intended to be used during an offense of 18 U.S.C. § 922(n). Sanchez received the Defendant Firearms in violation of 18 U.S.C. § 992(n), because he received each firearm after being indicted and arraigned for a crime punishable by imprisonment for a term exceeding one year and knew he had been charged with said indictment.

*Notice To Any Potential Claimants*

YOU ARE HEREBY NOTIFIED that if you assert an interest in the Defendant Firearms which are subject to forfeiture and want to contest the forfeiture, you must file a verified claim

which fulfills the requirements set forth in Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. A verified claim must be filed no later than thirty-five (35) days from the date this Complaint has been sent in accordance with Rule G(4)(b).

An answer or motion under Rule 12 of the Federal Rules of Civil Procedure must be filed no later than twenty-one (21) days after filing the claim. The claim and answer must be filed with the United States District Clerk for the Southern District of Texas at United States Courthouse, 1701 W. Business Highway 83, McAllen, Texas 78501, and a copy must be served upon the undersigned Assistant United States Attorney at the United States Attorney's Office, Bentsen Tower, 1701 W. Business Highway 83, #600, McAllen, Texas 78501.

*Requested Relief*

Wherefore, the United States of America prays that a judgment of forfeiture be entered against the Defendant Firearms and in favor of the United States of America under 18 U.S.C. § 924(d)(1) in addition to such costs and other relief to which the United States of America may be entitled.

                                            Respectfully submitted,

                                            RYAN K. PATRICK
                                            UNITED STATES ATTORNEY

By:    */s Sean Patrick*
         SEAN PATRICK
         Assistant United States Attorney
         Ohio Bar No. 0085440
         Southern District of Texas No. 3256679
         1701 W. Highway 83, #600
         McAllen, TX 78501
         Telephone: (956) 618-8010

*Verification*

I, Steven Medrano, a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives, hereby verify under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the facts set forth in paragraphs 10-17 of the foregoing Complaint For Forfeiture *In Rem* are based upon either personal knowledge or from information, reports, or records obtained during investigation and from other law enforcement personnel, and are true and correct to the best of my knowledge and belief

Executed on the 27th day of September 2019.

Steven Medrano
Special Agent
U.S. Department of Justice
Bureau of Alcohol, Tobacco, Firearms and Explosives